## J. R. HINSHAW v. CHARLES C. JOYCE.

(Filed 19 November, 1958.)

**1. Trial § 21½—**

Where plaintiff offers evidence for the purpose of defeating defendant's counterclaim, plaintiff waives his motion to nonsuit the counterclaim made at the close of defendant's evidence.

**2. Sales § 27—**

Defendant's allegations and evidence to the effect that the tractor sold him was represented as manufactured in a certain year and to be in good condition and serviceable, whereas it was manufactured more than five years previously and was not serviceable, but was worn out and useless for practical purposes, *held* to support defendant's counterclaim for fraudulent representations in the seller's action on the note for the purchase price.

**3. Trial § 49—**

A motion to set aside the verdict as being contrary to the weight of the evidence is addressed to the discretion of the trial court, and its refusal to exercise the discretion is not appealable.

PARKER, J., not sitting.

APPEAL by plaintiff from *Thompson, J.*, May-June Term of RANDOLPH.

This action was instituted to enforce payment of a note in the sum of $400 given plaintiff by defendant as part of the purchase price of a 1940 Mack truck with low-boy trailer and a 1945 model D6 Caterpillar bulldozer. Payment of the note was secured by chattel mortgage on the bulldozer.

Defendant admitted execution of the note and nonpayment after demand. For affirmative relief he asserted a counterclaim in the sum of $3,241.37 arising because of false and fraudulent representations with respect to the age and condition of the equipment sold. The allegations as they related to the bulldozer were that plaintiff represented it to be a 1945 model D6 in excellent condition and entirely serviceable whereas it was manufactured prior to 1940, was an RD6 with much less horsepower than a D6, was not serviceable and in good condition but was worn out and for practical purposes was useless. Defendant alleged his lack of knowledge or experience with equipment of that character and reliance on the assurances given him by plaintiff.

The court submitted issues based on the allegations in defendant's counterclaim. These issues were answered in favor of defendant and judgment was rendered on the verdict. Plaintiff appealed.

*Archie L. Smith and Deane F. Bell for plaintiff, appellant.*
*Miller & Beck and John Randolph Ingram for defendant, appellee.*

PER CURIAM.   The only assignments of error are the refusal to allow plaintiff's motions to nonsuit the counterclaim and the refusal to set aside the verdict as contrary to the weight of the evidence.

The motion to nonsuit made at the close of defendant's evidence was waived when plaintiff offered evidence for the purpose of defeating the counterclaim. G.S. 1-183.

There is evidence in the record to support each averment of the counterclaim. It is apparently conceded that the bulldozer was not a 1945 model as described in the bill of sale but was in fact manufactured prior to 1940. The truth of the evidence was a matter for the jury.

Whether a court should set aside a verdict as contrary to the weight of the evidence is a matter of discretion, and the refusal to exercise the discretion is not appealable. *Walston v. Greene,* 246 N.C. 617, 99 S.E. 2d 805.

Affirmed.

PARKER, J., not sitting.